STATE OF MAINE                          UNIFIED CRIMINAL COURT
AROOSTOOK, ss                           LOCATION: PRESQUE ISLE
                                        DOCKET NO.  AROCD-CR-19-40866


STATE OF MAINE            )
                         )
        v.               )  ORDER ON MOTION FOR NEW TRIAL
                         )
JOMO WHITE               )


The Defendant was convicted after jury trial of all of the following five counts as set forth
in the indictment in this matter:

1. Attempted Murder;
2. Elevated Aggravated Assault;
3. Reckless Conduct with a Dangerous Weapon;
4. Possession of a Firearm by a Prohibited Person; and
5. Robbery.

By Motion for New Trial dated August 11, 2021, Defendant is seeking a new trial on all
counts.    Defendant contends that the jury "may have given significant consideration to Mr.
White's failure to testify in its deliberations." *Motion at 1.* The Defendant argues that the jury
was subjected to "extrajudicial prejudicial information or outside influence" and that the jurors
failed to provide accurate voir dire responses.

As noted in the *Maine Jury Instruction Manual*: "[I]n *Warger*, the U.S. Supreme Court
held that Federal Rule 606(b) precluded a party seeking a new trial from using one juror's affidavit
of what another juror said during deliberations to demonstrate that the other juror had been
dishonest during jury selection voir dire." *1 Maine Jury Instruction Manual § 9-6 (2021).*

"'Maine Rule of Evidence 606(b) has been applied to hold that evidence of juror statements
may not be offered to discuss juror thought processes, to suggest that jurors misunderstood
instructions or forms, to show that a criminal verdict was not unanimous, or to show that the verdict

1

reported was not what was intended. *State v. Leon*, 2018 ME 70, ¶¶ 7–14; *State v. Hurd*, 2010 ME 118, ¶¶ 31–45; *Taylor v. Lapomarda*, 1997 ME 216, ¶¶ 5–10; *Cyr v. Michaud*, 454 A.2d 1376, 1383 (Me. 1983). Rule 606(b) 'protects jurors in their communication to fellow jurors made in the confidence of the jury room, and prevents the impeachment of jury verdicts by jurors who later have a change of heart.' *Watts*, 2006 ME 109, ¶ 21.'" *1 Maine Jury Instruction Manual § 9-6 (2021); State v. Daly, 2021 ME 37 at ¶¶48-49.* The Rule contains two exceptions to the general prohibition: "(A) extraneous prejudicial information was improperly brought to the jury's attention; or (B) an outside influence was improperly brought to bear on any juror." *M.R.EVID. 606(b)(2)*.

The Defendant's motion contains bare assertions with no accompanying affidavit or detail as to who the "third party" is that provides these assertions. The fact that the Defendant had the right to elect not to testify was referenced many times throughout the trial, both by the court and by the Defendant. The Defendant points to no admissible evidence to support his motion that there was juror misconduct or that the jury was subject to extrajudicial prejudicial information or outside influence. Whether the Defendant testified or not was not "extrajudicial" information. *BLACK'S LAW DICTIONARY* 586 (6th ed. 1990)(Extrajudicial - That which is done, given, or effected outside the course of regular judicial proceedings. Not founded upon, or unconnected with, the action of a court of law, as e.g. extrajudicial evidence, or an extrajudicial oath").

At trial, the court found the prosecutor's comment related to the audio recording of the Defendant to be misconduct, but was not bad faith. Although not directly commenting on the fact that Mr. White did not testify, the comment generally contrasted a statement by way of an audio recording with a statement from the witness stand. The court found that the State could have argued to the jury the ways they might assess the credibility of the statements in an audio recording

2

without contrasting the recording with live testimony. The court provided an instruction immediately following the objection that no presumption of guilt may be raised and no inference of any kind could be drawn from Mr. White's choice not to testify and that they were to assign no weight whatsoever to the fact that Mr. White did not testify. Based on the circumstances as viewed by the court through the progression of the trial, the court determined that the instruction was sufficient to remedy the potential issue created. To the extent the motion for new trial requests the court to reconsider that ruling, the court declines to do so. After review of the transcript of the closing argument portions in question, the court finds that said instruction was sufficient.

Due to the foregoing, the Defendant's motion for new trial is **DENIED**.

The entry shall be:

For the foregoing reasons, the Defendant's motion for new trial is denied.

Dated: September __7__, 2021

Justice, Maine Superior Court

3